IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JERRY W. JOHNSON, )
)
       Plaintiff, )
)
       v. )       1:23CV30
)
ALAMANCE COUNTY DETENTION )
CENTER, et al., )
)
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. For the most part, Plaintiff does not name proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Instead, Plaintiff names the Alamance County Detention Center, which is a building and not a person that can be sued under § 1983. He also names Alamance County Sheriff Terry Johnson and Susan Fortner as defendants but fails to set out any facts regarding how they personally violated his rights. Plaintiff cannot name persons as defendants simply because they hold a supervisory position. Theories of *respondeat superior* or liability predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009).

2. Plaintiff does set out facts as to Defendant Sergeant Whitsett. However, the nature of his claims against Defendant Whitsett is unclear. Plaintiff alleges that a fellow inmate flooded the area where he was housed and that

Defendant Whitsett ordered some inmates to their cells while ordering other inmates to clean up the flooding. He further alleges that Defendant Whitsett then ordered inmates to take sheets soiled in the incident to the laundry, but did not place wet floor signs in the area. In taking his laundry downstairs, Plaintiff slipped and fell on mud created when the flooding contacted dirt on the stairs. He faults Defendant Whitsett, but sets out no facts indicating that Defendant Whitsett was even aware of the slippery stairs. He also accuses Defendant Whitsett of negligence at times. Plaintiff cannot base a claim under § 1983 on negligence. Instead, any claim must be based on an intentional violation of his rights or deliberate indifference to a dangerous condition which amounts to a violation of Plaintiff's rights. Plaintiff must make any basis for such a claim clear in his Complaint.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 23rd day of October, 2023.

/s/ Joi Elizabeth Peake
United States Magistrate Judge